IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No: 3:09-BK-07531-PMG

In re:

RICHARD H. KING                                  Chapter 13

Debtors.
_____/

## DEBTOR'S ~~SECOND~~ THIRD CHAPTER 13 PLAN

Pursuant to Title II, United States Bankruptcy Code, Section 1321, 1322 and 1323, the Debtor files the following Chapter 13, Plan:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor shall pay to the Trustee the sum of **$3,613.40 per** month for months 1 - 60 of the Plan.

2. From the payments so received, the Trustee shall make disbursements as follows:

   A. **Priority Claims**:

   (1)     The Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the total amount under the plan for sixty (60) months.

   (2)     The Internal Revenue Service has a priority claim in the amount of $1,772.72 for income taxes for tax years 2006, 2007 and 2008—years for which the Debtor has not yet filed tax

returns.

The trustee will pay this claim over the life of the plan at $29.55/month.

This creditor's address is:

Internal Revenue Service

PO Box 21126

Philadelphia, PA 19114

(3) There are no other Priority Claims.

**B. Secured Claims:**

1. **CHASE HOME MORTAGE CO.** holds a mortgage on the Debtor's Homestead. The Trustee shall make the regular monthly mortgage payments of $2,200/month to the secured creditor for months 1-60 of the plan, until this claim is paid in full. The pre-petition arrearage for this claim is $26,400. The Trustee shall pay these arrears at the rate of $440/month for months 1-60. This secured creditor will retain its lien.

| | |
|---|---|
| The creditor's address is: | **Chase Home Mortgage**<br>**PO Box 9001871**<br>**Louisville, KY 40290-1871** |
| The account number is: | Loan Number --4468 |

2. . **MIKE HOGAN, DUVAL COUNTY TAX COLLECTOR** holds a secured claim in the Debtor's homestead property with a claim in the amount of $1,831.18 for unpaid property taxes for tax years 2006 and 2007. The Trustee shall pay this Creditor the sum of $1,831.18 with monthly payments in the amount of $46.50 in months one through sixty (1-60)

that includes the statutory eighteen percent (18%) per annum simple interest.

| | |
|---|---|
| The creditor's address is: | MIKE HOGAN TAX COLLECTOR |
| | C/O EDWARD TANNEN |
| | ASST. GENERAL COUNSEL |
| | 117 W. DUVAL STREET #480 |
| | JACKSONVILLE, FL 32202 |
| The account number is: | 0440066-0000 |

3.   **WELLS FARGO BANK, N.A.,** has a security interest in Debtor's investment real property located at 375 Naugatuck Drive, Jacksonville, FL 32225. The Debtor hereby SURRENDERS this property and will consent to lifting the stay so that this creditor can retrieve its collateral. Or the Debtor will sign a deed in lieu of foreclosure and give the property back to the creditor. Debtor has no equity in property and it is of no consequential value to the estate. Debtor requests that Wells Fargo attorney Florida Default Group contact his attorney to arrange transfer of this property unless the Trustee thinks it is of value to the estate.

4.   **SANTANDER CONSUMER** has a security interest in Debtor's 2007 Nissan Titan truck. The Trustee shall make regular monthly payments to this creditor in the amount of $500/month over the life of the plan or until this debt is paid in full, which ever comes first. There is no pr-petition arrears due this creditor. This secured creditor will retain its lien.

Santander Consumer
P.O. Box 60633
Dallas, TX 75266-0633

Acct # -7978

C. **Unsecured Claims**:

4. All remaining creditors are general, unsecured creditors. The Trustee shall pay these unsecured creditors on a *pro rata* basis over the life of the Plan.

D. **Miscellaneous Provisions:**

5. Any claims filed after the claims bar date of 01/25/2009 for non-governmental creditors and for governmental creditors shall receive no distribution under this plan unless specifically provided for above. This limitation shall not apply to claims filed by the Debtor.

6. The Debtor does not reject any executory contracts.

7. Title to all property of the estate shall revest in the Debtor upon confirmation of this plan, subject to all vested liens.

8. Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and /or deeds of trust on the principal residence of the Debtors to do all of the following:

> (A) To apply the payments received from the trustee on the prepetition arrearages, if an, only to such arrearages. For purposed of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this care.
>
> (B) To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.
>
> (C) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

The language in this paragraph (8) is taken directly from Judge Funk's decision in the *In re Bates* case, Case Number 3:07-bk-05472, in which case Judge Funk said that the Court found it permissible for Debtors in the *Bates* case and similar case to use this standardized language.

9. Any mortgage lien holder who has established, or will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis in the Debtor's account; (b) notify the Debtor and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the Debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R. §3500.17(i). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

10. The fees and expenses of the Trustee provided for in Paragraph A(1) are set by the United States Trustee. Should the percentage of these fees and expenses be reduced by the Office of the United States Trustee, the Debtor's monthly payment shall change accordingly to reflect the change in the Trustee's commission.

**Dated this \_\_\_\_10TH\_\_\_ DAY OF NOVEMBER 2009**

**/s/ Jeffrey M Hanly, Esq.**
JEFFREY M. HANLY
4741 ATLANTIC AVENUE, STE E-4
JACKSONVILLE, FL 32207
904-398-1777
904-306-9951 FAX
JEFFREYHANLY@GMAIL.COM