UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:09-bk-07531-PMG

IN RE:

RICHARD H. KING

_____/

ORDER CONFIRMING CHAPTER 13 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on notice that the Plan complies with the provisions of 11 U.S.C. §1325,

Accordingly:

**IT IS ORDERED** that:

1. The Plan, dated November 10, 2009, as amended in open court, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtor in the amount of $3,590.00 per month for a period of 60 months. Additionally, the Debtor shall cure the interim arrearage of $1,526.96 within 60 days of the date of this Order. Debtor must make all ongoing plan payments on a timely basis and all funds needed to cure the existing delinquency in plan payments must be received by the Trustee no later than 60 days from the date of this Order. Failure to comply with the foregoing will result in a dismissal or reconversion of the case without further notice or hearing, upon the filing of an affidavit of default by the Trustee. If the delinquency set forth herein is cured, the Trustee's

ability to dismiss or reconvert the case by affidavit will no longer apply. Payments shall be made to Douglas W. Neway, Trustee, at **P.O. Box 2079, Memphis, Tennessee 38101-2079.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtor shall fund this plan for the applicable commitment period, beginning on the date that the first payment is due under the Plan, using all disposable income to be paid to unsecured creditors.

5. The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed. Distributions shall commence and be made by the Trustee on a monthly basis following this Confirmation on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

6. The Trustee shall make full disbursements in the following order:

    a.    Commissions and costs as the Court may from time to time approve.

    b.    Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

    c.    Any claim or amended claim filed after January 25, 2010, unless specifically provided for in Exhibit A, shall receive no distribution.

7. Secured creditors shall retain their liens.

8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the plan.

Regardless of objection by the creditor, this provision specifically supersedes all language in any confirmed plan that states differently.

9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing. The requirement to object to secured mortgage claims that are filed prior to confirmation is waived as to the Chapter 13 Trustee and this confirmation shall have no res judicata effect on the Trustee's right to file and litigate any objections to mortgage claims for 60 days beyond the claims bar date.

10. The property of the estate revests in the Debtor or in any other entity provided for by the Debtor in the terms of the confirmed chapter 13 plan upon discharge of the Debtor or, in the alternative, upon dismissal of the case.

11. The Debtor shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 13 Trustee by April 30th of the year following the taxable year. If the Debtor has properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 13 Trustee no later than 10 days after the extension date.

12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the plan are as follows:

    a.    Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtor and Debtor's counsel.

    b.    Upon receipt of the Notice, the Trustee shall take the following action:

        (1)    If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

    (2)    If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtor and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the confirmed plan requested by the Trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15. If the Debtor hassurrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

**DONE AND ORDERED** at Jacksonville, Florida on March 15 2010.

Paul M. Glenn
Chief United States Bankruptcy Judge

# EXHIBIT A
## CASE NO: 3:09-bk-07531-PMG
## RICHARD KING

| | Creditor | Claim Type | Claim Amount | Amount * Allowed | Monthly Payment | |
|---|---|---|---|---|---|---|
| | N/A Trustee Expenses | P | | As set by U.S. Trustee | | |
| 01 | WELLS FARGO | SC | $228,997.49 | $0.00 | Surrendered | |
| 02 | MAYO CLINIC JACKSONVILLE | U | $61,477.68 | $61,477.68 | P/R | |
| 03 | MAYO CLINIC JACKSONVILLE | U | $11,936.00 | $11,936.00 | P/R | |
| 04 | INTERNAL REVENUE SERVICE | P | $18,280.79 | $1,772.72 | $29.55 | 1 - 60 |
| 04 | INTERNAL REVENUE SERVICE | U  # | $5,680.36 | $5,680.36 | P/R | |
| 05 | CHASE HOME FINANCE LLC | M | $277,630.03 | $134,015.40 | $2,233.59 | 1 - 60 |
| 05 | CHASE HOME FINANCE LLC | MA | $39,989.19 | $39,989.19 | $666.49 | 1 - 60 |
| 06 | LVNV FUNDING LLC | U | $3,319.88 | $3,319.88 | P/R | |
| 07 | SANTANDER USA | S | $15,500.00 | $17,550.60 | $292.51 | 1 - 60 |
| 07 | SANTANDER USA | U | $6,500.00 | $6,500.00 | P/R | |

### Debtor Payment Schedule

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| October 7, 2009 | 1 - 60 | $3,590.00 |

Copies to:
Debtor
Jeffrey M Hanly Esquire
Douglas W. Neway, Trustee
All Interested Parties

Claim type code:
- P   Priority
- S   Secured
- M   Mortgage
- U   Unsecured
- D   Claim Disallowed
- SV  Claim Valued
- *   Includes interest, if applicable
- #   Filed after original Exhibit-A entered
- SC  Surrender Collateral
- SA  Arrearage
- MA  Mortgage Arrearage
- P/R Pro-rata
- L   Late Claim
- **  No Claim filed