IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No: 3:09-BK- 07531-PMG

In re:

**RICHARD H. KING**  Chapter 13

Debtors.

_____/

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this objection without further notice or hearing unless a party in interest filed an objection within twenty (20) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of Court at 300 N. Hogan Street, Suite 3-350, Jacksonville, FL 32202-4267, and serve a copy on the movant's attorney, Jeffrey M Hanly, Esq., 1312 Third Street North, Jacksonville Beach, FL 32250 and any other persons.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

### DEBTOR'S AMENDED POST CONFIRMATION MODIFIED CHAPTER 13 PLAN

*[AMENDED SOLELY TO INCREASE PAYMENT TO THE INTERNAL REVENUE SERVICE IN ORDER TO FULLY PAY ITS PRIORTY DEBT]*

Pursuant to Title II, United States Bankruptcy Code, Section 1321, 1322 and 1323, the Debtor files the following Chapter 13, Plan:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor shall pay to the Trustee the sum of **$4,041.00** per month for months 1 - 60 of the Plan.

2. From the payments so received, the Trustee shall make disbursements as follows:

A. **Priority Claims**:

    (1) The Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the total amount under the plan for sixty (60) months.

    (2) The Internal Revenue Service has a priority claim in the amount of **$18,280.79** for income taxes due tax years 2006, 2007 and 2008.

    The trustee will pay this claim over the life of the plan at $304.68/month

Th is creditor's address is:

Internal Revenue Service

PO Box 21126

Philadelphia, PA 19114

1. **CHASE HOME MORTAGE CO.** holds a mortgage on the Debtor's Homestead. The Trustee shall make the regular monthly mortgage payments of $2,233.59/month to the secured creditor for months 1-60 of the plan, until this claim is paid in full. The pre-petition arrearage for this claim is $39,989.19. The Trustee shall pay these arrears at the rate of $666.49/month for months 1-60. This secured creditor will retain its lien.

The creditor's address is: Chase Home Mortgage
PO Box 9001871
Louisville, KY 40290-1871

The account number is: Loan Number --4468

2. **WELLS FARGO BANK, N.A.** has a secured claim in Debtor's second home located at 375 Naugatuck Drive, Jacksonville, FL 32225 in the amount of $228,997.49. **Debtor hereby surrenders this real property back to this creditor and as such will treat this claim as an unsecured claim.**

3. **SANTANDER CONSUMER** has a purchase money security interest in Debtor's 2007 Nissan Titan truck in the amount of $22,331.27. The Debtor proposes paying this secured creditor the amount of its claim, $22,331.27, at the interest rate of 6% over the life of the Plan (Pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004)). The Trustee shall make monthly payments of $431.73 to the secured creditor for months 1-60 of the plan to pay this debt in full.

This creditor's address is: Santander Consumer
PO Box 60633
Dallas, TX 75266-0633
Acct # ---7978

C. **Unsecured Claims**:

4. All remaining creditors are general, unsecured creditors. The Trustee shall pay these unsecured creditors on a *pro rata* basis over the life of the Plan.

D. **Miscellaneous Provisions**:

5. Any claims filed after the claims bar date for non-governmental creditors and for governmental creditors shall receive no distribution under this plan unless specifically provided for above. This limitation shall not apply to claims filed by the Debtor.

6. The Debtor does not reject any executory contracts.

7. Title to all property of the estate shall revest in the Debtor upon confirmation of this plan, subject to all vested liens.

8. Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and /or deeds of trust on the principal residence of the Debtors to do all of the following:

(A) To apply the payments received from the trustee on the prepetition arrearages, if an, only to such arrearages. For purposed of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this care.

(B) To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

(C) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

The language in this paragraph (8) is taken directly from Judge Funk's decision in the *In re Bates* case, Case Number 3:07-bk-05472, in which case Judge Funk said that the Court found it permissible for Debtors in the *Bates* case and similar case to use this standardized language.

9. Any mortgage lien holder who has established, or will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis in the Debtor's account; (b) notify the Debtor and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the Debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R. §3500.17(i). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

10. The fees and expenses of the Trustee provided for in Paragraph A(1) are set by the United States Trustee. Should the percentage of these fees and expenses be reduced by the Office of the United States Trustee, the Debtor's monthly payment shall change accordingly to reflect the change in the Trustee's commission.

Dated **July 20, 2010**

/s/Jeffrey M Hanly
Jeffrey M Hanly Attorney At Law, P.L.
Fla. Bar No.: 577596

1312 3rd St N
Jacksonville Beach, Florida 322507348
United States
904.3724114
904.3724064
Jeff@jeffhanlylaw.com

# CERTIFICATE OF SERVICE

I, Jeffrey M Hanly, hereby certify that on this July 20, 2010, I served a copy of the foregoing FIRST POST CONFIRMATION MODIFIED CHAPTER 13 PLAN via the Court's CM/ECF system to:Douglas Neway, Trustee and Mike Hogan, Duval County Tax Collector and by first class US Mail to all creditors and interested persons on the attached mailing matrix.


/s/Jeffrey M Hanly
Jeffrey M Hanly Attorney At Law, P.L.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:09-bk-07531-PMG<br>Middle District of Florida<br>Jacksonville<br>Tue Jul 20 11:03:46 EDT 2010 | Chase Home Finance LLC<br>P.O. Box 25018<br>Tampa, FL 33622-5018 | Santander Consumer USA Inc.<br>PO Box 560284<br>Dallas, TX 75356-0284 |
| Wells Fargo Bank, NA<br>P.O. Box 25018<br>Tampa, FL 33622-5018 | United States Bankruptcy Court<br>300 North Hogan Street Suite 3-350<br>Jacksonville, FL 32202-4267 | Best Buy<br>Retail Services<br>PO Box 5238<br>Carol Stream, IL 60197-5238 |
| Chase Home Finance LLC<br>Department G7<br>3415 Vision Drive<br>Columbus, OH 43219-6009 | Chase Home Mortgage<br>PO Box 9001871<br>Louisville, KY 40290-1871 | City of Jacksonville<br>General Counsel<br>117 West Duval Street, Suite 480<br>Jacksonville, FL 32202-3734 |
| FL Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Home Depot Credit Services<br>Processing Center<br>Des Moines, IA 50364-0500 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 |
| LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MAF Collection Services<br>PO Box 2842<br>Tampa, FL 33601-2842 | Marquis Master Card<br>Wells Fargo Financial<br>PO Box 98796<br>Las Vegas, NV 89193-8796 |
| Mayo Clinic<br>4500 San Pablo Rd.<br>Jacksonville, FL 32224-3899 | Mayo Clinic Florida fka St. Luke's Hosp<br>4500 San Pablo Road<br>Jacksonville, FL 32224-1865 | Mayo Clinic Jacksonville<br>4500 San Pablo Road<br>Jacksonville, FL 32224-3899 |
| NCO Financial<br>PO Box 15889<br>Wilmington, DE 19850-5889 | Retail Services<br>PO Box 5238<br>Carol Stream, IL 60197-5238 | Santander Consumer<br>PO Box 60633<br>Dallas, TX 75266-0633 |
| Sovereign Bank<br>PO Box 16255<br>Reading, PA 19612-6255 | Tax Collector, Duval County<br>231 E. Forsyth Street, #130<br>Jacksonville, FL 32202-3380 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |
| (p)CHASE CARD SERVICES<br>201 NORTH WALNUT STREET<br>ATTN MARK PASCALE<br>MAIL STOP DE1-1406<br>WILMINGTON DE 19801-2920 | Wells Fargo<br>3476 Stateview Blvd.<br>Fort Mill, SC 29715-7200 | Wells Fargo Bank, NA<br>1 Home Campus<br>Bankruptcy Payment Processing<br>MAC# x2302-04c<br>Des Moines, IA 50328-0001 |
| Douglas W. Neway<br>P O Box 4308<br>Jacksonville, FL 32201-4308 | Jeffrey M Hanly<br>Eraclides, Johns, Hall, et al.<br>4811 Atlantic Blvd.<br>Jacksonville, FL 32207-2269 | Jeffrey M Hanly<br>Jeffrey M Hanly<br>1312 3rd Street North<br>Jacksonville Bch, FL 32250-7348 |

Richard King  
4758 Mountain Breeze Ct.  
Jacksonville, FL 32224-8445

Robert Wilbert  
Jacksonville Area Legal Aid, Inc  
126 W Adams Street  
Jacksonville, FL 32202-3849

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service  
PO Box 21126  
Philadelphia, PA 19114

Washington Mutual Card Svcs.  
PO Box 660487  
Dallas, TX 75266-0487

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Santander Consumer USA Inc.  
PO Box 560284  
Dallas, TX 75356-0284

End of Label Matrix  
Mailable recipients    31  
Bypassed recipients    1  
Total    32